**Ma Teresita DIMANLIG–CASTILLO, aka Maria Teresita Castillo Dimanlig, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74322.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 25, 2007.

Maria Teresita Castillo Dimanlig, San Francisco, CA, pro se.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan K. Houser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM [**]

Ma Teresita Dimanlig–Castillo, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *see Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

The BIA did not abuse its discretion when it determined that Dimanlig–Castillo's motion to reopen was untimely. *See* 8 C.F.R. § 1003.2(c)(2) (an alien seeking to reopen proceedings before the BIA must file the motion to reopen no later than 90 days after the final administrative decision). Dimanlig–Castillo did not demonstrate that she exercised diligence in discovering her prior counsel's errors. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling is available to a petitioner who establishes that she suffered from deception, fraud or error, and

exercised due diligence in discovering such circumstances).

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

